Filed 12/22/23  P. v. Newens CA3

NOT TO BE PUBLISHED

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

THIRD APPELLATE DISTRICT

(Butte)

----

| | |
|---|---|
| THE PEOPLE, | C097583 |
| Plaintiff and Respondent, | (Super. Ct. No. 19CF06083) |
| v. | |
| JOSHUA DANIEL NEWENS, | |
| Defendant and Appellant. | |

A jury found defendant Joshua Daniel Newens guilty of two counts of second degree robbery and four counts of criminal threats and the trial court imposed consecutive prison terms on all counts.  On defendant's original appeal, another panel of this court agreed with defendant's contention that two of the terms imposed must be stayed pursuant to Penal Code section 654, and we remanded for a full resentencing.[1]

---

[1] Further undesignated statutory references are to the Penal Code.

1

The trial court resentenced defendant to an aggregate term of 10 years eight months in prison and imposed fines, fees, and penalty assessments.

On appeal, defendant asserts: (1) the trial court erred in failing to consider a provision of section 1170, subdivision (b)(6) enacted by Senate Bill No. 567 (2021-2022 Reg. Sess.) (Senate Bill No. 567), which, if applicable, provides for a presumption of low term sentences; (2) if his first contention has been forfeited, he received the ineffective assistance of counsel; and (3) the trial court erred and violated his constitutional rights in imposing fines, fees, and assessments without determining he had the ability to pay.

While we conclude defendant forfeited his first contention premised on section 1170, subdivision (b)(6), we agree with his second contention that he was deprived of the effective assistance of counsel based on counsel's failure to raise the issue, and further conclude defendant was prejudiced as a result. We will remand for a full resentencing. As such, we need not address defendant's contentions concerning fines, fees, and assessments.

## I.  BACKGROUND

Defendant entered a bank, demanded money, and threatened that he had a bomb and was not afraid to kill everyone. (*People v. Newens* (Aug. 3, 2022, C094163) [nonpub. opn.] (*Newens*).)[2] Bank employees gave defendant more than $11,000, which was recovered by police who arrived while defendant was still in the bank.

An information charged defendant with two counts of second degree robbery (§ 211—counts 1 & 2) and four counts of criminal threats (§ 422, subd. (a)—counts 3-6). Two of the criminal threats counts, counts 3 and 4, involved the same victims as the two robbery counts. The information further alleged defendant had two or more prior strike

---

[2]  In an order filed May 19, 2023, we deemed defendant's motion for judicial notice of the appellate record from his appeal from the judgment to be a motion to incorporate by reference the record in that case and, as such, granted the motion.

convictions (§§ 667, subd. (d), 1170.12, subd. (b)), and two prior serious felony convictions (§ 667, subd. (a)).

A jury found defendant guilty on all counts. In a bifurcated proceeding, the trial court found the prior conviction allegations to be true. Subsequently, the trial court granted defendant's motion in part, striking one prior strike conviction (§§ 667, subd. (d), 1170.12, subd. (b)) and both prior serious felony convictions (§ 667, subd. (a)).

The trial court originally sentenced defendant to an aggregate term of 13 years four months in state prison. On defendant's direct appeal from the judgment, he asserted, among other things, that section 654 required that two terms be stayed and that, following passage of Assembly Bill No. 518 (2021-2022 Reg. Sess.), remand was required for resentencing to permit the trial court to determine which two terms to stay. (*Newens, supra*, C094163.) The People conceded the point, another panel of this court agreed, and we vacated defendant's sentence and remanded for full resentencing. (*Ibid*.) We concluded defendant's remaining contentions, including contentions concerning changes to section 1170, could be raised at resentencing. (*Newens, supra*, C094163.) Though we did not address defendant's section 1170 arguments, we noted in a footnote that, in connection with those contentions, defendant may wish to focus on Senate Bill No. 567, as opposed to Assembly Bill No. 124 (2021-2022 Reg. Sess.) (Assembly Bill No. 124), because the former controlled over the latter. (*Newens, supra*, C094163.)

At resentencing, defense counsel suggested the court could make one of the criminal threats counts the principal term rather than one of the robbery counts, in effect requesting that the court stay the terms on the robbery counts (counts 1 & 2) pursuant to section 654 rather than the terms on the related criminal threats counts (counts 3 & 4). (See §§ 654 [act or omission that is punishable in different ways by different provisions of law may be punished under either provision but not under more than one], 1170.1, subd. (a) [principal term shall consist of the greatest term of imprisonment imposed for

any of the crimes].) Defendant's attorney did not raise Senate Bill No. 567 or section 1170, subdivision (b)(6).

The trial court resentenced defendant to an aggregate term of 10 years eight months in state prison, consisting of six years on count 1, the middle term of three years doubled because of defendant's prior strike; two years on count 2, one-third the middle term of three years doubled; and 16 months each on counts 5 and 6, one-third the middle term of two years doubled. The court imposed four-year terms, the middle term of two years doubled, on counts 3 and 4 and stayed execution of those terms pursuant to section 654. The court imposed fines, fees, and assessments.

## II. DISCUSSION

### A. *Section 1170, Subdivision (b)(6)(A)*

Defendant asserts he is entitled to resentencing because the trial court erred in failing to consider the presumption of the low term sentence that applies based on his psychological, physical, and childhood trauma which, he asserts, was a contributing factor in his commission of the offenses. Defendant claims his contention is preserved for our review because (1) the court had a statutory obligation to consider the presumptive low term, and (2) our opinion in his direct appeal "should have put the trial court on notice of its obligation to consider the presumption of the low term set forth in section 1170, subdivision (b)(6)." We conclude defendant forfeited his contention.

Senate Bill No. 567, effective January 1, 2022, made changes to section 1170 affecting trial courts' sentencing discretion. Among other things, Senate Bill No. 567 added subdivision (b)(6) to section 1170.[3] Insofar as relevant here, section 1170, subdivision (b)(6) provides: "Notwithstanding paragraph (1), and unless the court finds that the aggravating circumstances outweigh the mitigating circumstances that imposition

---

[3] This particular change was effected by Senate Bill No. 567 incorporating amendments to section 1170 made by Assembly Bill No. 124. (Stats. 2021, ch. 731, §§ 1.3, 3(c).)

of the lower term would be contrary to the interests of justice, the court shall order imposition of the lower term if any of the following was a contributing factor in the commission of the offense: [¶] (A) The person has experienced psychological, physical, or childhood trauma, including, but not limited to, abuse, neglect, exploitation, or sexual violence." (§ 1170, subd. (b)(6)(A).)

"Generally, if a party does not object to the sentence in the trial court, they may not claim on appeal the trial court failed to properly make or articulate its discretionary sentencing choices." (*People v. Tilley* (2023) 92 Cal.App.5th 772, 778, citing *People v. Scott* (1994) 9 Cal.4th 331, 351.) In *Tilley*, another panel of this court concluded, as to forfeiture of the same issue: "Defendant did not seek the lower term based on section 1170, subdivision (b)(6); object to the imposition of the middle term; or argue that defendant suffered any psychological trauma as a result of mental illness. Accordingly, this claim is forfeited." (*Tilley, supra*, at p. 778.)

For all of the same reasons, defendant here forfeited his contention. Contrary to defendant's contentions, neither the language of section 1170 as amended, providing that the sentencing court "shall" impose the low term under the specified circumstances, nor this court's footnote in our opinion on defendant's original appeal, in which we noted defendant may wish to focus on the statutory changes to section 1170 effected by Senate Bill No. 567 (*Newens, supra*, C094163), relieved defendant of his obligation to raise the issue in the trial court to preserve it for appellate review.

B.      *Ineffective Assistance of Counsel*

Defendant asserts that, if he forfeited his first contention, he was denied of the effective assistance of counsel based on his attorney's failure to raise the issue in the trial court and he was prejudiced as a result. We agree.

To prevail on a claim of ineffective assistance of counsel, a defendant must show (1) counsel's performance fell below an objective standard of reasonableness under prevailing professional norms, and (2) the deficient performance prejudiced defendant.

(*Strickland v. Washington* (1984) 466 U.S. 668, 691-692; *People v. Ledesma* (1987) 43 Cal.3d 171, 216-217.)

A reviewing court will not reverse for ineffective assistance of counsel unless "(1) the record affirmatively discloses counsel had no rational tactical purpose for the challenged act or omission, (2) counsel was asked for a reason and failed to provide one, or (3) there simply could be no satisfactory explanation. All other claims of ineffective assistance are more appropriately resolved in a habeas corpus proceeding." (*People v. Mai* (2013) 57 Cal.4th 986, 1009; accord, *People v. Mendoza Tello* (1997) 15 Cal.4th 264, 266-267.) Here, the record does not affirmatively disclose that counsel had no rational tactical purpose for not raising section 1170, subdivision (b)(6)(A), and counsel has not been asked for a reason. We proceed to address whether there could be no satisfactory explanation for failing to raise this issue.

As we shall discuss, defendant's mental health issues and history of trauma were evident in the trial record. Additionally, the potential applicability of changes to section 1170 were a matter of record at resentencing. Defendant's attorney was aware of these issues, as he represented defendant at trial, at the original sentencing, and at resentencing.

As stated, we noted in our prior opinion that, at resentencing, defendant may wish to focus on those changes to section 1170 effected by Senate Bill No. 567 as opposed to Assembly Bill No. 124. (*Newens, supra*, C094163.)

At resentencing, the trial court noted "there have also been some modifications in our sentencing laws. However, the Court had imposed the mid term in this case originally." The court stated it was inclined to reimpose the original sentence, but with the terms imposed on counts 3 and 4 stayed pursuant to section 654.

In addressing the court, defense counsel did emphasize defendant's mental health. (See generally *People v. Tilley, supra*, 92 Cal.App.5th at pp. 777-778 [while at least one court concluded psychological trauma based on mental illness may be a circumstance qualifying for low term presumption in § 1170, subd. (b)(6), that court emphasized

6

mental illness alone did not qualify for low term presumption], citing *People v. Banner* (2022) 77 Cal.App.5th 226, 241.) Defense counsel noted the court had not found him an appropriate candidate for mental health diversion. He further indicated that several mental health professionals "indicted that [defendant] has, does have good insight into his mental illness and [is] likely to succeed with treatment." Counsel further referred to the fact that "all of these crazy nonsensical things that [defendant] has done[] never hurt anybody . . . . He intended to get the FBI involved in his life and specifically said, hey I'm going to pretend to pull a bank robbery."

The underlying circumstances of the crimes did suggest the possibility of mental health issues. Defendant reported to a mental health professional administering a mental health assessment that he thought people wanted to kill him and cut off his fingers. He had been feeling paranoid and possibly delusional. Defendant reported that he had told a police officer he was willing to pretend to rob a bank in order to get the FBI involved to help him.

In addition to defendant's mental health issues, that defendant had a history of trauma was a matter of record in defendant's trial. According to the same mental health assessment, defendant's father was physically and verbally abusive, and, after defendant was placed in foster care, his foster mother molested him. Defendant was diagnosed, among other things, with PTSD.

Notwithstanding the foregoing, defense counsel did not assert at resentencing that the trial court should sentence defendant to low term sentences because defendant had "experienced psychological, physical, or childhood trauma, including, but not limited to, abuse, neglect, exploitation, or sexual violence" which "was a contributing factor in the commission of the offense." (§ 1170, subd. (b)(6)(A).)

The People correctly concede the record reflects that defendant suffered from childhood trauma as well as mental illness. However, the People argue defense counsel may have "recognized . . . that he could not make a causal link between any

7

psychological, physical, or childhood trauma" and defendant's crimes. In other words, the People assert defense counsel may have concluded he could not establish that defendant's trauma was "a contributing factor in the commission of the offense" as required. (§ 1170, subd. (b)(6).) The People assert "[s]uch evidence does not exist in the record."

We disagree. On a record silent on the matter, it is possible we may have agreed with the People's position that counsel concluded he could not establish the required causal connection. However, this record is not silent on the matter.

The same mental health assessment discussed previously states: "When asked how his [mental health] contributed to his charges, [defendant] reports he believes if he wasn't on drugs, he more than likely would have never been in that situation. [He] reports he is aware his behavior was erratic and not normal and was caused by his drug use. [He] reports he was extremely paranoid and delusional. [*He*] *reports he does drugs to numb his pain from all of his traumas . . . .* [*He*] *reports for the longest time he struggled to truly identify why he did drugs and it finally occurred to him he never really dealt with his childhood trauma. . . .* [He] reports it felt as if all of his pain and hurt hit him at once." (Italics added.) Elsewhere, a therapist who had treated defendant indicated in a letter to the trial court that defendant had been diagnosed with PTSD, and that the "extensive history of childhood trauma that [defendant] endured was the basis for his PTSD diagnosis."

On this record, we cannot conclude that defense counsel's hypothetical belief that he could not establish defendant's trauma "was a contributing factor in the commission of the offense" (§ 1170, subd. (b)(6)(A)) provides a satisfactory explanation for his failure to raise section 1170, subdivision (b)(6)(A) at resentencing.

The People's other contention is that defense counsel may have opted instead to focus on his argument that the robbery terms should be stayed under section 654. However, first, if counsel could make the necessary showing pursuant to section 1170,

8

subdivision (b)(6)(A), the relief sought would be mandatory; upon the requisite showing, the court would be obligated to impose low terms "unless the court finds that the aggravating circumstances outweigh the mitigating circumstances that imposition of the lower term would be contrary to the interests of justice." (§ 1170, subd. (b)(6).) Conversely, the relief sought pursuant to section 654 was discretionary (§ 654, subd. (a)); the court could choose to grant the relief sought, or not, at its discretion. Second, and perhaps more importantly, once the trial court rejected defense counsel's suggestion, in effect, to stay the sentences imposed on the robbery counts pursuant to section 654, this no longer provided a satisfactory reason for declining to make the argument for mandatory low term sentences pursuant to section 1170, subdivision (b)(6)(A).

We conclude there is no satisfactory explanation for counsel's failure to raise this issue.

To show prejudice on a claim of ineffective assistance of counsel, defendant must show a reasonable probability that defendant would have received a more favorable result had counsel's performance not been deficient. (*Strickland v. Washington, supra*, 466 U.S. at pp. 693-694; *People v. Ledesma, supra*, 43 Cal.3d at pp. 217-218.) As stated, if defense counsel could make the necessary showing pursuant to section 1170, subdivision (b)(6)(A), the relief sought would be mandatory and defendant would have been entitled to low term sentences "unless the court finds that the aggravating circumstances outweigh the mitigating circumstances that imposition of the lower term would be contrary to the interests of justice." (§ 1170, subd. (b)(6).) At defendant's original sentencing, the trial court found the circumstances in aggravation did not outweigh the circumstances in mitigation. At resentencing, the court stated only that "I definitely can't do upper [term sentences] because I don't have aggravating circumstances that have been pled and proven." These statements are not determinative as to what the trial court will find at a new resentencing. However, they do support the conclusion that there is a reasonable

9

probability defendant would have received a more favorable result had counsel raised the issue at resentencing.

We conclude that, in failing to raise section 1170, subdivision (b)(6)(A) at resentencing, counsel's performance fell below an objective standard of reasonableness, and there is a reasonable probability defendant would have received a more favorable result absent counsel's shortcomings. We will vacate defendant's sentence and remand for a full resentencing. (See *People v. Buycks* (2018) 5 Cal.5th 857, 893.)

C.      *Fines, Fees, and Penalty Assessments*

Because we are remanding for a full resentencing, we need not address defendant's contentions, relying mainly on *People v. Dueñas* (2019) 30 Cal.App.5th 1157, that the trial court erred and violated his constitutional rights in imposing fines, fees, and penalty assessments without determining defendant had the ability to pay.

## III.  DISPOSITION

Defendant's sentence is vacated and the matter is remanded for a full resentencing consistent with this decision.

Pursuant to Business and Professions Code section 6086.7, subdivision (a)(2), the clerk of this court is ordered to forward a copy of this opinion to the State Bar upon finality of this appeal. Further, pursuant to Business and Professions Code section 6086.7, subdivision (b), the clerk of this court shall notify defendant's trial counsel that the matter has been referred to the State Bar.

/S/

_____

RENNER, J.

We concur:

/S/

_____

DUARTE, Acting P. J.

/S/

_____

WISEMAN, J.*

_____

* Retired Associate Justice of the Court of Appeal, Fifth Appellate District, assigned by the Chief Justice pursuant to article VI, section 6 of the California Constitution.

11